SAMUEJIíS, J.
This case is brought here by writ of error to a judgment of the Circuit court of Brooke county, in an action-of detinue, wherein Pryor was plaintiff and Kuhn defendant. The specific property sought to be recovered was a large quantity of glass ware; both parties claimed to have acquired title to the ware from Metcalf, Miller & Co. the manufacturers. Pryor claimed under a purchase, which he alleged and attempted to prove was complete, so that nothing further remained to be done by the parties to the sale or either of them, to ascertain the goods bought, the price, or any other element of a complete sale; but that it only remained to deliver the goods in the mode agreed on between the parties. A portion of the goods alleged to have been purchased were retained by Metcalf, Miller & Co. and conveyed and delivered to Kuhn the defendant, as trustee in a deed of trust.
The parties acting under the statute, Code of Virginia, p. 629, \ 9, waived a trial by jury, and submitted the case to the court in lieu of a jury. The *court, after hearing the evidence, found the issue in favor of the defendant, and rendered judgment accordingly. The plaintiff moved the court to set aside its finding, and to find for the plaintiff; the motion was overruled, and an exception was taken to the opinion of the court. This exception *741 sets out minutely the evidence of the witnesses on both sides. Looking' to the evidence of the exceptor alone, it would be a question of some doubt whether the price of the goods in question had been agreed on by the parties, and whether it did not remain to make the selection of goods, or a part of them, from the stock on hand. Looking to the evidence of the defendant, it appears that the selection had not been made nor the price agreed upon. 'Thus, if we allow to the plaintiff’s evidence all the weight ascribed to it in the argument here, and that it would show a complete sale, if uncontradicted, yet the evidence of the defendant, equally strong at least, if standing alone, would show that the sale was not complete. Thus the question is presented whether this court shall engage in weighing the conflicting evidence, in order to find the facts on which to declare the law.
Ko case in this court has gone so far as to hold that the court can or ought to notice a bill of exceptions to the opinion of a court overruling a motion for a new trial, setting out contradictory evidence, for the purpose of determining which side preponderates. In Bennett v. Hardaway, 6 Munf. 125, it was held that the facts of the case, as they appeared in proof, should be set forth in the exception as facts; and in that case the exception was disregarded, because it contained only the evidence, which was conflicting in itself.
In Carrington v. Bennett, 1 Leigh 340, the bill of exceptions set forth the facts, as facts, so far as thejr were directly proved upon the trial. Those facts, however, did not directly prove the gaming consid-eration of the *bond, the question in issue between the parties; they afforded, however, strong circumstantial proof to show that the bond was given for such consideration; and there was no conflict in the evidence. This court decided that it would draw the inference which was plainly deducible from the facts: And having by this process ascertained that the bond was tainted with a gaming consideration, reversed the judgment of the court below, and awarded the defendant a new trial.
In Ewing v. Ewing, 2 Leigh 337, the bill of exceptions set out all the evidence on both sides in which there was no conflict. It appeared that if all the evidence of the exceptor should be excluded, and the truth of all the evidence on the other side be admitted, still the verdict would not be sustained by proof: And this court thus ascertaining the facts, awarded a new trial. A like rule was observed in the cases of Green v. Ashby, 6 Leigh 135; Rohr v. Davis, 9 Leigh 30; Pasley v. English, 5 Gratt. 141.
In Mays v. Callison, 6 Leigh 230, the question was whether the court below intended to certify the facts, or the evidence merely; and this court being of opinion that the facts had been certified, the exception was held to be well taken.
The rule in Bennett v. Hardaway was adhered to in the cases of Jackson’s adm’x v. Henderson, 3 Leigh 196; Callaghan v. Kippers, 7 Leigh 608; Forkner v. Stuart, 6 Gratt. 197.
Thus, I conceive the rule declared in Bennett v. Hardaway must govern any case in which it would be required of this court to do more than to draw obvious inferences from proved facts; or in which the exceptor is not prepared to waive his own evidence and rely upon the insufficiency of that given on behalf of his adversary, admitting its truth, to sustain the verdict.
If the case before us be tried by these tests, it will *fall within the rule established in Bennett v. Hard-away, because at best the exceptor’s evidence somewhat vaguely proves a sale; whilst that of his adversary more distinctly proves that several elements of a complete sale did not exist.
It has been said, however, that the statute, Code, p. 629, \ 9, giving the courts authority to try issues of fact, places them in the position of courts when trying facts in cases of probat, roads, mills and the like; and that an appellate court may review the decision of an inferior court in such cases upon a certificate of evidence only, even if contradictory; and that this case, like others of the class to which it is alleged to belong, may be reviewed here upon a certificate of contradictory evidence. If it be conceded that a difference is permitted in the form and substance of an exception taken in a case of the class above named, and one taken upon the trial of an issue in a suit, and that this case belongs to the class of probat, Sec., yet the result of this case must be the same; for even in cases of that class, the decision of the court below, on conflicting evidence, would be followed by the appellate court, unless error should plainly appear; which cannot be said to exist in this case.
I am of opinion, however, that the legislature, when it authorized a court in place of a jury, to fry issues of fact, did not intend to change the practice beyond that precise point, and especially did not intend to change the practice in the appellate courts. The terms of the statute do not require such change; no reason occurs to my mind why it should be made; on the contrary, I perceive very good reason why an inferior court trying issues of fact, should be held to greater strictness in certifying facts proved to its own satisfaction, than in case of a trial by jury. Such court knows with absolute certainty ¡he facts which *it regarded as proved, and may therefore certify them as such, however contradictory the evidence may be.
The judgment of a court of original jurisdiction, in any case, is pronounced upon a state of facts ascertained upon the trial of such case. It is the duty of an appellate court, in reviewing the judgment of the inferior court, to regard such judgment in reference to the facts upon which it was founded *742 in the opinion of the inferior court. If, however, the appellate court should be required to engage in a new investigation of the facts, it might arrive at a result different from that of the inferior court; and that a judgment of the inferior court, perfectly correct on the facts as they appeared to that court, might be reversed only because the appellate court found a different state of facts. Thus it would result that the appellate court must finally pass upon questions of fact, and this with means far inferior to those of the court which heard the witnesses, and which had other means of de-. ciding which are denied to the appellate court. The legislature, I conceive, could not have intended to impose upon this court the duty of revising the action of the Circuit court in regard to questions which the Circuit court had better means of deciding correct^ than those which are allowed to this court.
I am of opinion to affirm the judgment.
MONCORB, J.
The certificate in this case is of the evidence introduced, and not of the facts proved on the trial; and would therefore be insufficient to enable this court to revise the judgment, if the case had been tried by a jury.
But the parties, by consent entered of record, having waived the right to have a jury; thereupon the whole matter of law and fact was heard and determined, and judgment given by the court, in pursuance of the Code, ch. 162, § 9, p. 629.
*The principle which requires a certificate of facts instead of evidence to enable an appellate court to revise a judgment of an inferior court upon a motion for a new trial of an issue tried by a jury, does not, I think, apply to the revision of a judgment of an inferior court upon the whole matter of law and fact, without the intervention of a jury.
In jury cases, the provinces of the court and jury are distinct. A line of separation is drawn between the law and fact; one side of which belongs to the court, and the other to the jury. Neither can cross the line and invade the province of the other. The jury must receive the law from the court, and the court must render judgment on the facts as found by the jury. The court, under certain limitations, may grant a new trial; but that is the utmost extent to which it can interfere with the verdict. It cannot render a different judgment on the facts, but must ultimately render judgment on the verdict of the jury upon them. An appellate court in • this state, contrary to the practice which generally exists elsewhere, will revise the judgment of an inferior court on ’a motion for a new trial; but it must generally have the facts before it, and not the evidence only. It will not weigh evidence and ascertain facts; but will' only apply the law to facts already ascertained. It therefore generally declines to act in such cases upon a mere certificate of evidence. To the judgment of a court in a jury case a writ of error lies only upon matter of law.
But to the judgment of a court which tries the whole case, including law and fact, a writ of error lies as well upon the fact as upon the law. All judgments of inferior courts, except when the matter in controversy is merely pecuniary and of small value, may be revised by an appellate court upon an appeal or writ of error. The appeal or writ of error is to the whole ^judgment, whether it involve matter of law only, or be compounded both of law and fact. Ordinarily a judgment in a civil case involves only matter at law. But whenever the decision of the whole case is referred by law to an inferior court, its judgment is compounded both of law and fact, and may be revised in respect to both by the appellate court. Chancery cases, controversies concerning the probat of a will or the appointment or qualification of a personal representative, guardian or committee, or concerning a mill, county road or ferry, and motions generally, in which the court decides the whole case without the intervention of a jury, belong to this class. In all these cases the evidence must, in some form, be before the appellate court to enable it to revise the judgment of the inferior court. Where an appeal is matter of right, and is from a County to a Circuit court, it may be heard in the latter on evidence viva voce. In chancery cases the evidence is generally in the form of depositions, and is necessarily a part of the record. In all but chancery cases, the evidence is generally made a part of the record by bill of exceptions to the judgment of the court, the evidence at large, and not the facts proved in the opinion of the inferior court, being set out in the bill. 1 Rob. Pr. 591; Mayor, &c., v. Hunter, 2 Munf. 228. Where the evidence in both courts is viva voce, documentary, or in the form of depositions, the appellate court has the same advantage in revising, that the inferior court has in rendering, judgment upon the facts. Where there is before the appellate court a mere certificate of parol testimony heard before the inferior court, the former has not the same advantages with the latter in the decision of the case; but still has a capacity to decide it. The appellate court may stand upon the same ground in regard to the bill of exceptions in such a case that it occupies *in relation to a demurrer to evidence in common actions. 1 Rob. Pr. 591; Grays v. Turnpike Company, 4 Rand. 578. And if so, it will consider the case as if the appellant had admitted all that an reasonably be inferred from the evidence given by the other party, and waived all the evidence on his part which contradicts that offered by the other party, or the credit of which is impeached, and all inferences from his own evidence which do not necessarily flow from it. This is certainly the most favorable view which can be taken of the case for the appellee, and is perhaps more strongly in his favor than ought to be taken. The reason of the rule applied to a demurrer to evidence is that the de- *743 murrant, without the consent of his adversary, withdraws the decision of the facts from the jury, to whom it properly belongs. No such reason applies to a case in which the law refers the decision of the facts to the court. A more reasonable rule in all such cases would seem to be that which has been applied by this court to cases of pro-bat, and which requires it, on a mere question of credibility of witnesses, always to presume that the inferior court, which saw and heard the witnesses examined, decided correctly. Dudleys v. Dudleys, 3 Leigh 436.
I presume there can be no doubt but that in ordinary cases, triable by the court both upon the law and facts, the judgment of the court may be revised by an appellate court upon a bill of exceptions setting out the evidence at large. The only question then, is, whether this case stands on the same footing in that respect with ordinary cases? I think it does. The only reason for a contrary opinion seems to be that by the provision in the Code, ch. 162, § 9, p. 629, under which this case arose, the whole matter of law and fact is referred to the court only in cases in which the parties or their counsel, by consent, entered of record, *waive the right to have a jury; from which it is inferred that in such cases the parties are bound by the judgment, as by an award of an arbitrator of their own choosing; or else that by their consent the court is substituted to the place of a jury, and its judgment on the facts to the place of a verdict, so that there is the same necessity for a certificate of facts, instead of evidence, to enable an appellate court to revise the judgment as in the case of an ordinary verdict. I think this is a non sequitur; and that the only effect of the consent required in such cases is to waive the right to have a jury, to which the parties are entitled. But for such right, •of course no such waiver would have been required; but the law would simply have provided that the whole matter of law and fact should be heard and determined, and judgment given by the court; and then the cases would have stood on the same footing, in every respect, with other cases of which the court has entire cognizance. The waiver of the right places these cases on the same footing as if the right had never existed. It would be strange if the fact that the right once existed should deprive parties of the advantage of having the judgment supervised, which they would have had if no such right had ever existed. The effect of such a construction would be, not only to deprive them altogether of the advantage of having the judgment on the facts supervised, but greatly to impair their right to have the judgment on the law supervised by an appellate tribunal. In jury trials, the mode of placing the judgment of the court upon a question of law arising in the course of the trial on the record for the supervision of an appellate tribunal, is by bill of exceptions to the opinion of the court upon that question. In court trials, except of chancery causes, the only mode is by bill of exceptions to the whole judgment. If the facts *only must be set out in the bill to authorize the appellate court to supervise the judgment, it is obvious there must be many cases in which the judgment cannot be supervised either upon the law or upon the facts. There are many cases in which the court cannot, or will not, certify the facts; as where the evidence is conflicting, or complicated, or of doubtful credibility. The difficulty of setting out facts, instead of evidence, in the hurry and confusion of the business of the court, has given rise to our practice of setting out evidence instead of facts in demurrers to evidence. It is still generally necessary to set out facts, instead of evidence, in a bill of exceptions to an opinion of the court overruling a motion for a new trial. But this rule leaves unaffected the right of the parties to have all the opinions given by the court in the course of the trial, supervised; and affects only their right to have the judgment on the motion supervised. This latter is a limited right, existing in this state only where the inferior court will certify the facts, and generally not existing at all elsewhere. It may be said that a court which has to decide upon the facts must be able to certify them. But a court may be able to render judgment in a case without being able or willing to state in detail all the facts proved by a mass of complicated, doubtful or conflicting evidence.
I think the legislature designed to place these cases on the same footing with other cases in which the whole matter of law and fact is heard and determined by the court; and to subject the judgment of the court, both upon the law and fact, to the supervision of an appellate tribunal. This was certainly the design of the revisors, as will appear from a note to their report, p. 816; in which they refer to the case of a will offered for probat; and to all cases of motion in which the whole case of law and fact may be, and generally i;'is, determined by the court; and in which they say, 1 ‘The right of exception to the judgment of the court will be preserved; it will be merely to the judgment of the court, instead of being, when the trial is by jury, to the admissibility of evidence, or to instructions given or refused, or to the decision on a motion for a new trial. One great advantage, where the parties waive the trial by jury, will be that where the court above reverses the judgment of the court below, either for matter of law or fact, there will be no necessity to send the case back for a new trial. ’ ’ With this note before the legislature, they adopted literally, the provision reported by the revisors on the subject; and must, I think, be considered as having done so with the intention expressed in the note.
I have expressed my views of this case at length, because it is a case of first impression, and of great importance. In the re- *744 suit, I concur with the rest of the- court. There is a conflict in the testimony. If so much of the plaintiff’s evidence as is in conflict with that of the defendant be rejected, the plaintiff is not entitled to recover. The court below decided in favor of the defendant. And the judgment must, I think, be affirmed, upon any principle that can be applied to the case. If the rule which governs demurrers to evidence be applicable, then the testimony of the plaintiff which conflicts with the defendant’s must be rejected. If the rule which governs this court in the revision of a case of pro-bat be, as I think it is, applicable, then, there being a conflict of testimony, this court will presume that the court below, which saw and heard the witnesses examined, decided correctly. In either view, the judgment must be affirmed. That the conflict does not necessarily involve the veracity of the witnesses, but may proceed from defect of recollection, does not, I think, affect the *case. The court below, which saw and heard the witnesses, must have had a better opportunity of deciding the case correctly than this court can have, whether the conflict proceeded from defect of veracity or of recollection.
The other judges concurred in the opinion of Samuels, J.
Judgment affirmed.